May it please the court, thank you your honor and thank you for the opportunity to speak on behalf of Carmetrius Sanders. This case presents a single issue essentially dealing with whether the court below miscalculated the guidelines value for a couple of misdemeanor convictions. I'd like the court to bear in mind as we discuss the issue and as you consider the case that the just the very minimal nature of each of these of the offense conduct for each of these misdemeanors. In the first instance the offense conduct in total consisted of his sitting in a car in the housing project the Cochran housing project in St. Louis where he was not supposed to be because he was on an exclusion list. The second incident a few weeks later was walking through the housing project where he used to live and that's it. The parties agreed that the records were relevant for these misdemeanor convictions indicate that the only reason he received and served 80 days for both of those cases was because he didn't have the financial wherewithal to post bond in connection with them the $250 bond for both and then basically a $1,000 bond is 10% of another felony charge that came later. This is significant because this was the defense attorney telling the court that that's why he would this was 80 days that it was his inability to make bond not a judgment of his moral culpability and most significantly the assistant United States attorney my esteemed colleague now retired Thomas Meehan who said and if I may quote him judge the the where is this quote the facts bear out he couldn't make bond and sat in jail until somebody could get out to to get him to to get him out to a plea to time served. Well counsel I mean what's what's the significance of that comment I mean is it well was it binding on the district court is it binding on us I mean certainly there was no fact finding on that particular issue and I don't know the answer to my own question which is why I'm asking you. Yes and I'm glad you're asking that Judge Cobb is the the actual judgment the misdemeanor judgment actually was not in court and this is something actually getting ready for the argument the the although the government refers in its brief to this as supposedly quoting the judgment the only record that the probation office had that I can tell and I think it's identical to what we received from the clerk's office upon request was a copy of the information which didn't include in Missouri the original information to prosecute the misdemeanor incident and so the the the impact of that is that I don't think that there was a clear record that this was it. Let me ask you this did trial counsel object to the points in the PSR? That's a little bit of a yes. I'll tell you that this was advanced as a separate basis for down on departure and as a result I'm wondering if this is a plain error review for us at this point. Yes and Judge you're I totally understand and it's a rational a very rational point for you to raise as it was for my friend on the other side of the table. Quite frankly the reason that I was originally viewing this is that it was preserved was because there was objections filed to the original pre-sentence report that was then withdrawn and what gives the point you're making Judge Kobes and my friend on the other side's claim of plain error you know it's it's hard to argue against is that there was a retraction or it's it's a document one page document saying well I withdraw the prior objection that I made to the destruction of justice and I reserve the claim for the downward departure for overstated criminal history. It's pretty difficult to argue that this is preserved and I'm happy rather than to spin my wheels to address plain error because I think it's easily established. I can't tell it's relevant that I believe that the error was plain here you know the Assistant United States Attorney Meehan grew up I mean he's someone who knows who gets the rhythm of a case just walking into a courtroom and the fact that he looked at this record the records that are here and said you know that the the facts bear out that this sentence reflects only of his inability to post on comes to the fact that the government joined the motion for a downward departure or seek a lower sentence. No they did not join the motion for a downward departure and he conceded in the remarks that he felt that giving these convictions two points apiece instead of one which inflated the guideline floor by 14 months was in the prosecutor the U.S. Attorney's opinion oppressive. Is that a direct quote? I don't remember that it may be but oppressive is a direct quote I'm gonna maybe Zach I hope you can shake your head or not I believe he did use the word oppressive yes he what he relied on in opposing our requests I believe for a lower sentence was the well a downward variance. He directed his remarks at sentencing more to the to the what the judge should impose. I hope that's being responsive Judge Cobes but there's no way and I think that just from his long growing up under his father's circuit court bench in St. Louis and his many and confirming there's no way this minimal misdemeanor conduct warrants 80 days on its own and that this was simply a function of the of his inability to make bond. I believe that the what is the rule you're asking us to apply here specifically? Well I would ask that the case be remanded for resentencing to with a reduced criminal history score and in other words the law that would come out of this is is what that if an individual can't make bond or doesn't make bond we need to consider or assume that he or she would have made it and minimum sentence would have been. I'm not asking for that expansive sort of rule at all it's just when the evidence plainly shows that the only reason someone got a sentence exceeding 60 days is that they could not make bond. This is not a blanket rule. Then I'll ask again the evidence is is a comment by counsel in the absence of an objection and a comment by defense counsel and an apparent comment or a comment by the assistant U.S. attorney as well in the absence of objection. When all of the evidence is showing that this was not a measure of criminal culpability which is the function of criminal history points. I see yeah I see okay yeah thank you and since my time is is zooming away I would like to reserve a minute for rebuttal. I believe there's no problem making if you accept that this is plain air the impact on the guideline range and the fact that the judge imposed a minimum guideline even under the heightened range shows that we there's a substantial likelihood of a lower result. I'd like to save my 50 seconds for rebuttal. Thank you your honors. All right Bluestone. May it please the court. Zach Bluestone for the United States and Judge Kovas I'd like to just jump right in on the question that you were asking about the AUSA's representations at the sentencing hearing. It's our position that the government is not bound by those if you want to deem them concessions. I would characterize it more as responding to the actual request that was before the court which was a motion for a downward departure and the AUSA was merely explaining that well the two misdemeanor convictions may have over-represented and I think his language was a bit more couched. If you look at page 43 of the transcript that was the relevant passage that he was discussing. He said even if you accept that portion of his criminal history was overstated the remainder of his criminal history including both prior convictions for drug possession and then pending charges actually outweighed any over-representation on the misdemeanor convictions and made his total criminal history under-represented which was the basis on which Judge Clark denied the motion for downward departure and I think it would be particularly problematic to bind the government by those representations where the defendant did not object to the PSR which specifically references 80-day sentences not sentences for time served and in fact you can easily pull the judgments and I'm did as well as a probation officer you can pull them up on Missouri case net using the case number that was referenced in the motion for a downward departure and the government has included the actual judgments in the addendum which shows that he was actually sentenced to 80 days not to time served and that's important because it shows that he wasn't simply sentenced to time served the state court judge and those in that case actually picked the sentence of 80 days so unlike other cases like Drake and Urbizu in which this court has rejected identical arguments there is actually no evidence here indicating that Mr. Sanders would have received a lesser sentence but for his alleged inability to postpone and in fact I think the 80-day sentence probably was very intentional because he actually was in custody for 83 days the state court judge could have sentenced him to 20 days if he wanted to and the 80-day sentence strikes me as appropriate because in a global settlement of not only those two misdemeanor charges the state also agreed to dismiss a pending felony charge against Mr. Sanders at the time so it's no surprise that received 80-day sentences for those two misdemeanor convictions. Turning really to the merits of Mr. Sanders' claim which I don't think was addressed in depth in my friend's opening remarks the sentencing guidelines simply do not permit a district court to discount points for prior convictions even if they think that they're inflated instead the criminal history if it's substantially over represented. Mr. Sanders capably made that argument before Judge Clark and he simply disagreed with that assessment and as pointed out in the briefs that decision is unreviewable on appeal which is likely why we see this repackaged argument about a miscalculation. Applying the plain terms of section 4A1.1b defendants receive two points for prior sentences that are between 60 days and 13 months and because there's no dispute here that Mr. Sanders actually served more than 60 days he gets two points for both of those convictions. This court in Drake pointed out that the sentencing commission itself has acknowledged that looking to the maximum in term imposed can be an quote imperfect measure but that's why there's section 4A1.3 which allows for the downward departure on this basis. Mr. Sanders availed himself of this recourse the district court denied it and that decision is not reviewable. If I may briefly address the alternative basis of affirmance which is I take it that Mr. Sanders is now conceding that plain error applies but either under the analysis the district court made it abundantly clear that it would have imposed the same sentence irrespective of Mr. Sanders criminal history category. Specifically on page 20 or I'm sorry page 53 of the transcript Judge Clark specified that regardless of Mr. Sanders argument concerning his criminal history being inflated he would have imposed the same sentence by way of variance or J letter. In that case as an initial matter it was not a plain error case like this one is but more importantly the district court made its alternative finding in the opposite direction. It said that if the guidelines range had been higher it would have imposed the same sentence but the error that that court committed would have made the absence of that error would have made the actual sentence lower or the guidelines range lower and that was the the Haney court rejected harmlessness in that case. Here the district court made it clear that even if the guidelines range were lower they would impose the same sentence. Unless the court has any specific questions the government would ask that the court affirm Mr. Sanders' sentence. Thank you. All right thank you counsel. Mr. Hemingway. Thank you very much. Thank you very much. I appreciate my friend pointing out that addendum which I had missed and yet my argument remains. I think it raises the same issues even saying 80 days jail time allowed in terms of what that means and I when you have an instance of an experienced prosecutor and the PSR's report that this was sitting in a car and walking down the street of a childhood home that was the offense conduct and the explanation which the government joined in is that this was only to avoid because he couldn't get out on bond earlier that this deserves only one point. The statements that the court would have imposed the same sentence are the blanket sort. They're not like the very detailed analysis the court relied on to find harmlessness in the LaRoche case and I thank the court very much for hearing us out. Very well. Thank you counsel. We appreciate your argument today. The case is submitted. The court will render a decision in due course.